GASSER *v.* CRITTENDEN.

HOMESTEAD—EXECUTION—BILL—INJUNCTION.
  The decree on a bill in aid of execution should not enjoin alienation and provide for the sale of land that is clearly the debtor's homestead.

Appeal from Wexford; Chittenden, J.  Submitted April 27, 1905.   (Docket No. 109.)   Decided May 22, 1905.

Bill in aid of execution by Sanford Gasser against Arthur Crittenden and wife.  From a decree for complainant, defendants appeal.   Modified.

Defendant Arthur Crittenden was the owner of 80 acres of land in Wexford county, and was indebted to complainant in the sum of $500 and upwards.   The 80 in question consisted of what is called the front and back 40's.   The front 40 is a homestead, presumably of less

than $1,500 value, as it is alleged in the bill that it is wholly inadequate to satisfy complainant's judgment. Complainant asked security on this land for his claim, but this was refused, and on the same day the defendant Arthur conveyed the back 40 to his wife, defendant Nettie. Complainant caused an attachment to be levied on the 80 acres, and, after obtaining a judgment, caused an execution to issue, and levy to be made on the 80 acres. This bill is filed in aid of this execution levy. The answer sets up that the front 40 is a homestead, and that the back 40 was conveyed by defendant Arthur to his wife for a valuable consideration. The decree declares the transfer fraudulent, and decrees that complainant be authorized to proceed upon his writ of fieri facias, and advertise and sell said real estate as described in complainant's bill for the payment and satisfaction of the judgment, interest, and costs. The decree also makes permanent the temporary injunction restraining defendants from selling or incumbering "said property or any part thereof." From this decree defendants appeal.

*Fred S. Lamb*, for complainant.

*Gaffney & Pease* (*Jesse R. Cropsey*, of counsel), for defendants.

MONTGOMERY, J. (*after stating the facts*). We are satisfied that the circuit judge was fully justified in setting aside the transfer of the back 40. The questions involved in respect of this 40 are questions of fact. A discussion of the testimony is not deemed necessary. The circuit judge saw the witnesses, and was in a position to judge of their credibility from their appearance. We may say, however, that a close scrutiny of the printed record enables us to say that we are abundantly convinced that no mistake was made.

The decree was, however, too broad in restraining the alienation of the homestead. *Walker* v. *Sauer*, 97 Mich. 464. Complainant's counsel in this court says that defend-

ants might protect their rights in the homestead by a notice to the sheriff. If the decree should be construed as leaving the question of the right to sell the front 40 open for future consideration—which would be a forced construction—it is still too broad in restraining its alienation, when on this record it clearly appears to be defendants' homestead.

The decree will be modified as indicated above. No costs will be awarded in this court.

MOORE, C. J., and GRANT, BLAIR, and OSTRANDER, JJ., concurred.